UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RONALD SCHMUCKER, et al.,

    Plaintiffs,

    v.

JOHNSON CONTROLS, INC., and
TOCON HOLDINGS, LLC,

    Defendant.

Case No. 3:14-CV-1593 JD

**OPINION AND ORDER**

Plaintiffs brought two environmental claims against Defendant Johnson Controls, Inc. ("JCI"), but, after summary judgment proceedings and a bench trial, JCI prevailed. JCI has submitted a bill of costs in the amount of $71,814.[1] Plaintiffs object to $8,726 of that amount, arguing that the incurred expenses were not reasonably necessary to the litigation.

"Unless a federal statute, [federal rules of civil procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54 "In order to award costs to a prevailing party, the court must determine that the expenses are allowable cost items and that the amounts are reasonable and necessary." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991).

---

[1] For ease of reading, and since the exact amount of cents is inconsequential, the Court is using figures rounded to the nearest dollar.

**A. Depositions of Wiseman, Clevenger, Houser, Weingart, and Keramida**

Plaintiffs argue that they should not be taxed $1,470 for deposition transcripts of Cheryl Wiseman, John Clevenger, Doyle Houser, and Jim Weingart. Plaintiffs submit that these depositions related to another environmental case (also brought against JCI), *Hostetler v. Johnson Controls, Inc.*, No. 3:15-cv-226 JD, and thus weren't necessary in the instant case. In addition, Plaintiffs maintain that only half of the expense ($2,846 out of $5,692) arising out of the deposition of Plaintiffs' expert witness Dr. Vasiliki Keramida should be taxed as costs because her expert opinions related equally to this and to the *Hostetler* case.

The Court disagrees with Plaintiffs' characterization that depositions of Wiseman, Clevenger, Houser, and Weingart had nothing to do with this case. First, Plaintiffs noticed each of their depositions in this case. This alone suggests that it was reasonable for JCI to believe that the transcripts of these depositions would be necessary to the suit. *See Int'l Oil, Chem. & Atomic Workers, Loc. 7-517 v. Uno-Ven Co., No. 97 C 2663*, 1998 WL 895557, at *4 (N.D. Ill. Dec. 14, 1998) ("Under the circumstances, it would be reasonable for Uno–Ven and Union Oil to believe the depositions noticed by OCAW would be necessary to the suit."). Second, although Plaintiffs now claim that these depositions had nothing to do with this case, they asserted otherwise, in 2019, in response to JCI's motion to dismiss for lack of prosecution. (*See* DE 392 , Pls.' Resp. to Def.'s M. Dismiss, at 5 (arguing that depositions concerning Defendant Tocon, including the four depositions in question, were examples of them prosecuting the claims in the instant case)). Accordingly, the Court will not reduce the reimbursement amount for deposition transcripts for Wiseman, Clevenger, Houser, and Weingart.

However, the Court agrees with Plaintiffs that the reimbursement amount for deposition transcript of Dr. Keramida should be cut in half. JCI deposed Dr. Keramida on the same day

regarding her expert opinions in both this and the *Hostetler* case, and her opinions are intertwined with both cases. But, while this may have been the most efficient way for deposing Dr. Keramida, Plaintiffs are not parties in *Hostetler* and, therefore, shouldn't bear the cost of the entire transcript alone. Accordingly, the Court will tax only half of the expense of Dr. Keramida's deposition, that is, $2,846.

**B. John Osborne**

Next, Plaintiffs suggest that they should not be taxed $181 for John Osborne's witness fees because Osborne wasn't actually called to testify. Osborne, a Senior Principal of GZA GeoEnviromental, is the highest ranking employee overseeing remediation at the Site. Although he was not called at trial, JCI reasonably believed that his testimony was necessary in the event that Plaintiffs poked holes in the testimony of an employee whom he managed and who supervised the remediation. Accordingly, the Court will overrule Plaintiffs' objection to taxing $181 in relation to Osborne.

**C. JCI's Own Copies of Trial Exhibits**

Plaintiffs ask that JCI not be allowed to recover $4,229 in costs for making copies of their own trial exhibits, contending this was done for mere convenience of JCI's counsel.

Making copies of trial exhibits facilitates an orderly trial allowing the court and the attorneys to be on the "same page," literally. Thus it cannot be said that making a single copy of trial exhibits was an expense for counsel's mere convenience. *See* Baxter Int'l, Inc. v. McGaw, Inc., No. 95 C 2723, 1998 WL 102668, at *3 (N.D. Ill. Mar. 3, 1998) ("It was certainly necessary that defendant have a copy of the trial exhibits in same [] form and with the same notations as

3

they were being presented to the judge and jury, and defendant's access to the originals would not serve this purpose."); *Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000) ("Two copies of every document filed with the court or provided to opposing counsel makes sense; it is easy to see why each is useful."). Therefore, the Court will overrule Plaintiffs' objection to taxing $4,229 in costs for JCI's copy of trial exhibits.

**D. Conclusion**

For the reasons stated above, the Court TAXES Plaintiffs costs in the amount of **$68,967.65** ($71,813.90 –$2,846.25) in favor of Defendant Johnson Controls, Inc.

SO ORDERED.

ENTERED: June 3, 2021

/s/ JON E. DEGUILIO
Chief Judge
United States District Court